# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1832V

|  |  |
|---|---|
| NICOLE FEY,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Chief Special Master Corcoran<br><br>Filed: September 27, 2023 |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On December 11, 2020, Nicole Fey filed a petition[2] for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving a tetanus diphtheria ("Td") vaccine on June 5, 2018. Amended Petition at 1, ¶ 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 21, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On September 27, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner filed an amended petition on August 18, 2022, to correct the date of vaccination. *Compare* Petition at 1, ¶ 2, ECF No. 1 *with* Amended Petition at 1, ¶ 2, ECF No. 35-1; Exhibit 1 at 4 (vaccine record).

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$55,480.00, representing $55,000.00 in pain and suffering and $480.00 in past unreimburseable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>55,480.00</u>, representing $55,000.00 in pain and suffering and $480.00 in actual unreimburseable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NICOLE FEY,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 20-1832V (ECF)<br>Chief Special Master Corcoran<br>SPU |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 11, 2020, Nicole Fey ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that she suffered a right-sided Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of a tetanus vaccine she received on June 5, 2018. On September 20, 2023, respondent filed his Amended Vaccine Rule 4(c) report, advising that, in light of Chief Special Master Corcoran's Findings of Fact ruling that petitioner satisfied the Act's six-month severity requirement, and the medical evidence submitted in this case, respondent would not defend the case on other grounds during further proceedings before the Office of Special Masters. ECF No. 43. The following day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[1] ECF No. 44.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's September 21, 2023, entitlement decision.

I. **Items of Compensation**

    A. **Pain and Suffering**

Respondent proffers that petitioner should be awarded $55,000.00 in pain and suffering damages. *See* 42 U.S.C. § 300aa-15(a). Petitioner agrees.

    B. **Past Unreimbursable Expenses**

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $480.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $55,480.00, representing compensation for all elements of economic and noneconomic damages, in the form of a check payable to petitioner, Nicole Fey.

III. **Summary of Recommended Payments Following Judgment**

    Lump sum payable to petitioner, Nicole Fey        **$55,480.00**

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

<u>/s/ Julia M. Collison</u>
JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:    (202) 305-0102
Julia.collison@usdoj.gov

Dated:        September 27, 2023