# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-1832V

NICOLE FEY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: March 26, 2024

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Julia Marter Collison, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 11, 2020, Nicole Fey filed a petition[2] for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving a tetanus diphtheria ("Td") vaccine on June 5, 2018. Amended Petition at 1, ¶ 2. On September 27,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner filed an amended petition on August 18, 2022, to correct the date of vaccination. *Compare* Petition at 1, ¶ 2, ECF No. 1 *with* Amended Petition at 1, ¶ 2, ECF No. 35-1; Exhibit 1 at 4 (vaccine record).

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2023, I issued a decision awarding damages to Petitioner based on Respondent's proffer. ECF No. 47.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $21,917.77 (representing $21,286.70 for fees and $631.07 for costs). Petitioner's Application for Attorneys' Fees, filed Mar. 6, 2024, ECF No. 53. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on March 8, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 54. Petitioner filed no reply.

I note this case required additional briefing regarding the Vaccine Act's severity requirement. *See* Petitioner's Brief in Support for a Factual Ruling, filed Oct. 4, 2022, ECF No. 37. Petitioner's counsel expended approximately 11.7 hours drafting the motion for a factual ruling and 0.7 hours review Respondent's response, for a combined total of 12.4 hours. ECF No. 53 at 13-14. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 53 at 18-23. And Respondent offered no specific objection to the rates or amounts sought. Thus, I find the amount of costs sought to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $21,917.77 (representing $21,286.70 for fees and $631.07 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Amy A. Senerth.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.